The Chief Justice
delivered the opinion of the Court:
The bill in this case charges that on the 30th day of January, 1857, Joshua Bateman, by his deed of that date, subsequently duly recorded, conveyed certain premises in George *200 town, in the District of Columbia, to Judson Mitchell, Charles A. Buckey, and John Marbury, Jr., in trust for the sole and separate use of Ann V. Ogle, during her life, and after her death' for the use of her husband, until the youngest child should arrive at the age of twenty-one years, upon the happening of which event the estate was to be sold and the proceeds divided between the surviving children, and the living issue of such as might have died prior to the time fixed by such provision. Ann V. Ogle died in the year 1877, leaving surviving her four children, William F. Ogle, Henry J. Ogle, Bessie B. Ogle and Joseph E. B. Ogle. The last two named were minors, and the youngest, Joseph, did not arrive at the age of twenty-one years until about the 29th of January, 1891.
The complainant further alleges that on the 15th day of January, 1887, he purchased from William F. Ogle his one-fourth' interest in said property, and took from him a deed bearing date on the 15th of July, 1887; that on the 27th of April, 1889, Bessie B. Ogle, then married to one Thompson, conveyed her one-fourth interest in said real estate to the respondent, Henry J. Ogle, and that on the 19th of January, 1891, Joseph E. .B. Ogle, having arrived at the age of twenty-one years, and being the youngest of the children, conveyed his one-fourth interest in said real estate and trust property to Henry J. Ogle, the respondent; so that by inheritance of one-fourth, and by conveyance of two-fourths, the title to three-fourths of the premises involved in this controversy is now vested in the respondent, Henry J. Ogle, and the title to one-fourth of said property is vested in the complainant.
The complainant further alleged that Judson Mitchell and Charles A. Buckey, two of the trustees named in the deed of Bateman, have departed this life, leaving John Mar-bury, Jr., the sole surviving trustee. It is .claimed that by proceedings in equity cause No. 10,429, and the decree therein rendered, John Marbury, Jr., and Charles A. Buckey, then living, were relieved from any further duty as trustees. *201 This decree was rendered on the 21st day of November, A. D. 1888, and no new trustee has been appointed in their place.
It is further averred that Henry J. Ogle has occupied, with his family, the said trust estate and premises, and has paid no rent therefor, .or made any other compensation to the complainant for the use of the complainant’s interest therein; that Henry J. Ogle and the complainant are not' able to agree upon terms of sale and division of said estate.
The prayer of the bill is first, for a decree of sale of the property for the purposes of partition, the same being indivisible in kind, and asking that a trustee be appointed to make such sale; second, that after such sale, this cause be referred to an auditor of the court to determine what compensation shall be allowed the complainant by the said Henry J. Ogle for the use and occupation of said trust estate since the youngest child arrived at the age of 21 years.
The respondent, Henry J. Ogle, in answering the third paragraph of the bill, says that the deed therein referred to is incorrectly stated' in regard to the trust distribution. The trust estate, it 'is claimed, wás to be sold or conveyed to Ann V. Ogle’s children, as they should request, on their majority, upon her death. The defendant admits the fourth paragraph of the bill, but says that the plaintiff should have exhibited his deed, and that plaintiff bought out defendant’s brother William for only $125, with á debt due to plaintiff, a part of which was exorbitant interest.
In answering the fifth, 'sixth and seventh paragraphs of the bill, the defendant admits the allegations therein contained, and says that the complainant took the deed under which he claims while defendant and his younger sister and brother, both minors, were living with their father, Benjamin R. Ogle, in the house of their deceased mother, the premises in controversy; that their father, who is not a party to this suit, still lives in said premises with this respondent. Said Robert F. Phillips was not related to'the fámily of respondent’s mother dr father. “ This respondent respectfully *202 denies that said complainant could enter into the family-home of Ann, V. Ogle, or acquire any right thereto, at the time complainant took the deed from William F. Ogle. And respondent further denies that any stranger, as complainant is, can have any right now to any interest in said real estate or the proceeds thereof.” He then prays the right to a construction by this court of the deed exhibited.
The defendant admits the death' of Mitchell and Buckey, trustees, and the survivorship of John Marbury, Jr., but he denies that John Marbury was removed as trustee under the deed from Bateman, in 1857. He says that he was relieved as trustee of the personal estate only.
The respondent avers that this proceeding is a useless expense entailed by the behavior of complainant himself, and that he should be taxed with all the costs and expenses thereof. He admits that they have been unable to agree on a division of the estate, or a division of the proceeds. He says that the complainant has demanded of the respondent an exorbitant price for his alleged interest, much more than this respondent has paid his sister and brother, although complainant’s title is open to dispute; that on the 17th of January last he made a fair, bona fide written request to John Marbury, the surviving trustee under the deed of 1857, to make' sale of the real estate in controversy,- which is incapable of partition in kind, and there being no vacancy under said deed to fill with' a new trustee, and no sale for partition under said deed being valid without a request therefor by this respondent, who might call for a conveyance of the trust estate if he so elected, but that said sale said trustee, John Marbury, refused to make, because of the antagonistic actions of the said complainant, he notifying Marbury that he was not trustee, etc.
He further avers that John Marbury claims title as surviving trustee under the deed of Bateman of 1857, but has not been made a party to this cause; that it was not intended or desired that the home place of Ann V. Ogle, conveyed under said Bateman deed, should be affected by the *203 proceedings in equity cause No. 10,429, and this respondent alleges that the decree of the 21st of November, 1888, in said cause, has no reference for said reasons, to said place; that Benjamin R. Ogle, who also claims an interest in the home place of his said wife, Ann V. Ogle, under the deed of 1837, has not been made a party to this cause.
The provision in the deed of Bateman conveying this property to trustees as to the trust is as follows:
“If the said Ann V. Ogle shall die in the lifetime of her husband, leaving a child or children under the age of 21, then the said named trustees or the survivors or survivor of them, or the heirs of such survivors, shall, at their discretion, allow such children, being under the age of 21 years, to occupy the said premises until the youngest of -them, if more than one, shall have attained such' age, and when such child, if only one, or such youngest child, if more than one, shall have attained the age of 21, the said trustees or the survivors or survivor of them, or the heirs of such survivor, shall, at the request and cost of such child or children, either sell the said premises to the best advantage, and pay over or distribute the proceeds of such sale according to the claims of right of such child or children to the same, or convey the same to such child or children in fee by a proper deed. If it should happen that any one of the children of said Ann V. Ogle shall have died before such distribution or conveyance, leaving a child or children, they shall stand in the place of his or her deceased parents, and take the share among them such deceased parent would have taken had he or she survived.”
The case is submitted on the bill and answer, and seems to raise a question as to the construction of the provision of the deed of Bateman creating the trust and conveying this real estate to trustees. It is claimed by counsel for the respondent that Phillips could not have acquired title to or an interest in these premises until the youngest child had become 21 years of age, and that the deedi of the complainant, Phillips, from William F. Ogle, in 1887, some four *204 years before the majority of the youngest child, was absolutely void; that it was beyond the power of William F. Ogle, at that time, although he was of full age, to convey the property, upon the ground that it was the intention of the grantor, Bateman, in conveying this property, to provide for a family home for Ann Y. Ogle and her husband and children, until the youngest child should arrive at his majority. 1
It does' not appear, either from the bill or answer, that the complainant in any way interfered with the family arrangements, or prevented the carrying out of any of the provisions of the deed of Bateman, in regard to the family of Ann V. Ogle. He simply took his deed and had it recorded. After the death of Ann V. Ogle, in 1877, and after the youngest son had arrived at his majority, and after that son, together with his sister, had conveyed their interests to the respondent in this case, Henry J. Ogle, he then demanded that there should be a sale and partition of the premises. It appears from the answer that the respondent also made a similar demand on the trustees, but owing to the difference of opinion between the complainant and' the respondent as to whether the trustee then had the power to sell, the trustee declined to make the sale unless orderedsto do so by the court.
Counsel for the respondent seems to rest his position, just recited, with reference to the power of the complainant to make the purchase of the one-fourth interest during the minority of the youngest child, upon the principle decided in the case of Nichols vs. Eaton, 91 U. S., 716, and the case of Hyde vs. Woods, 94 U. S., 526.
Upon an examination of the case of Nichols vs. Eaton, it will be seen that the question there was not whether there might not be a conveyance of an interest of the cestui que trust during the pendency of the trust, before its full execution, so that the purchaser might acquire the interest which the cestui que trust had in the property; but whether creditors might assume that the cestui que trust had such an in *205 terest in the trust property as that it might be reached by a bill in equity, and appropriated to the discharge of the indebtedness to creditors of the cestui que trust and thereby prevent the intended beneficial execution of the trust. In that case a father made a provision for his soñ and his son’s family by providing that there should be an annuity given to his son, and if the son did not comply with certain conditions he should forfeit the right to his annuity, and the same should thereafter 'remain for the benefit of his family for a certain period of time. The application on the part of creditors by a bill in equity in that case was during the time this trust was in full force, and when there had been no forfeiture on the part of the family. Under such circumstances, it was held that this provision was one which the original grantor had a perfect right to make. It was his own property, and he had a right to provide fordts disposition in any manner he saw fit. He had the right to prescribe terms upon which there should be a forfeiture, and upon which there should be a right of alienation. The Supreme Court, in that case, departed from the rule that has always been held in such- cases in England, and laid down a rule which, so far as this court is concerned, is obligatory.
But the case at bar is an entirely different one from that of Nichols vs. Eaton. In this case the trust has terminated. The trustees have now nothing to do with the estate except to sell or convey it, if requested to do so. It is obvious that if they were requested to sell by one of the parties in interest, and to convey by another, there might be difficulty, and the only way, in that event, would be a sale and division of the proceeds, by order of the court.
Some differences have arisen between the parties as to the right of the plaintiff and as to the power of the trustee to sell. The trustee therefore declines to sell, unless directed to do so by this court, and the parties have come into court each asking the direction of the court and a construction of the Bateman deed. By this deed, a legal estate was conveyed to the trustees, and an equitable estate in *206 remainder was granted to the children of Ann V. Ogle, to take effect after the termination of the Jife estate of Ann V. Ogle, if she died during the life of her husband. This estate was a contingent remainder, to the children then born, open to admit others who might thereafter be born, and was subject to be divested only by the death of one of the children before the youngest child became of age. Even in that event the deed made full provision for the disposition of the remainder. It would go to the children of the child so dying, if any, and otherwise to the surviving children of Ann Y. Ogle.
We have no doubt that under the terms of this deed, applying the principle which is established in the case of Nichols vs. Eaton, 91 U. S., 716, it would be beyond the power of an adult beneficiary to sell his interest, so as to deprive one of the minors of his right to the enjoyment of the entire estate during the minority of any of them. But having a vested estate in remainder, subject only to- the limitation created in the deed itself as to the power of these parties to alienate the estate, and subject only to the implied conditions against alienation because of the fact that the estate was to remain intact for the use of the family until the youngest child became 21 years of age, the power and right' of these remaindermen were precisely the same as in any other case where a vested interest in remainder is created. The law generally is that whether the estate be legal or equitable, the party holding the equitable estate, if of full age, may mortgage or sell his equitable interest to a stranger as well as to his co-cestui que trust, unless there be some limitation in the instrument creating the trust.
The only limitation in this deed is that which was fully satisfied updn the youngest child arriving at its majority, leaving the parties at full liberty to alienate and dispose of the estate as they might think proper, after that time; and any one of these beneficiaries on becoming of age might thereafter make a conveyance of his interest to a stranger; but the stranger would be bound by the limitations provided *207 in the deed. The deed of the cestui que trust would convey only his interest, subject to the same limitations as applied to the grantor before conveyance. This is well settled by the case of Lewis vs. Hawkins, 23 Wallace, 119.
It is intimated in the answer of the respondent that the complainant did not pay full value for the interest that he purchased, and that he purchased it by releasing an antecedent debt, and that there was some usury or exorbitant interest involved in that antecedent debt.
We think that the rule in reference to such matters is well established, namely, that a person not interested in the matter cannot set up a usurious consideration for a deed. Such a defence must be made by the party from whom usury has been exacted and cannot be made in a collateral proceeding. This was established in the case of Kendal vs. Vanderlip, 2 Mackey, 105, which was a case at law very well illustrating the principle; In the case of DeWolf vs. Johnson, 10 Wheaton, 392, where the argument is made by counsel for the respondent, that a court of equity would not do such a monstrous thing as to affirm a deed, the consideration for which' had been illegal or exorbitant interest, the question was fully considered and discussed; it was held that a court of equity as well as of law will refuse to entertain such an objection made by a party who is not entitled to make it, and that only the party who has paid the illegal interest or been charged the usury is entitled either at law or in equity to make this defence.
It is claimed that the sale cannot be ordered in this instance on the bill, as filed, even if the deed to Phillips from Henry F. Ogle is valid. One of the reasons assigned is that the trust created by Bateman’s deed allows a right of election by the children of Ann V. Ogle, and not to a stranger, to have the property sold or conveyed. When the event had transpired mentioned in the deed upon the happening of which the property was to be sold or conveyed, at that moment the estate in the hands of a cestui que trust or his grantee was precisely like any other estate ac *208 quired by devise, inheritance or by purchase. It was in their hands a valuable estate, and they might dispose of it in any manner they saw proper. There was no longer any reason for their being controlled or limited in their action. No one was interested except themselves, each for himself.
As to the propriety of making the sale under this proceeding, we think it is enough to say that Henry J. Ogle, in his answer, says that he had demanded the sale of the property of the trustee, and that the trustee says he is willing to sell if the court shall so order. This, we think, is a sufficient answer to the objection that the complainant has no right to ask for a sale of the property in this proceeding.
The objection that the legal title is in^Marbury, trustee, and that he is not a party to this action, was sufficiently avoided by the court appointing him trustee with direction tersell under the order of this court.
Upon the whole, we see no reason why the decree of the court below should not be affirmed.